62   39
142   87

# Lemay, Ex'r, *v.* Walker.

*Action against Executor for Services rendered Testatrix.*

1. *Witness; competency of, under act of March 2, 1875.*—The act of March 2, 1875, (now forming § 3058 of the Code of 1876) is in its nature and character, a revision of and substitute for, all former statutes touching the competency of parties as witnesses, and furnishes the only rule by which the competency of parties is to be determined in suits or proceeding before any court or officer other than criminal cases, and necessarily repealed former statutes on the subject, though containing no express words of repeal; and among the statutes so repealed, is that making the parties competent witnesses in suits before justices of the peace, when the matter in controversy does not exceed twenty dollars.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. W. B. WOOD.

The appellee, A. W. Walker, commenced this action before a justice of the peace, against the appellant, C. W. Lemay, as the executor of Harriet Boothe, deceased. Judgment having been rendered against the appellant, he appealed to the Circuit Court. The bill of exceptions recites, "that on the trial of the cause, the plaintiff produced an account against defendant's testatrix for services alleged to have been rendered to her during her life, for the sum of fifteen dollars, and to prove and establish said account, introduced, the plaintiff as a witness for that purpose, to testify as to statements made by and transactions with said defendant's testatrix in her life time." The defendant objected to the plaintiff as a witness to testify to such statements and transactions, but his objections were overruled, and he excepted, and judgment being rendered against him, he brings the case here by appeal, and assigns the ruling of the court as error.

R. O. PICKETT, for appellant.

No counsel for appellee.

BRICKELL, C. J.—A limitation on the competency of parties as witnesses, imposed by the act of March 2, 1875, now forming § 3058 of the Code of 1876, is, "that neither party shall be allowed to testify against the other, as to any transaction with, or statement by, any deceased person whose estate is interested in the result of such suit, or when such deceased person, at the time of such statement or transaction, acted in any representative or fiduciary relation whatever to the party against whom such testimony is sought to be introduced." Prior to the adoption of the statute of 14th February, 1867, rendering parties competent witnesses (which formed § 2704 of the Revised Code of 1867), there were various statutes authorizing parties to testify, subject to particular limitations and exceptions expressed in them. Among others, was § 2779 of the Code of 1852, which, in proceedings before justices of the peace, allowed either party to testify in his own behalf, when the amount in controversy did not exceed twenty dollars. With the exception of this section of the Code of 1852, these statutes were referred to, and expressly repealed by the act of 14th February, 1867.—Pamph. Acts 1866-7, p. 435, § 2. This repealing clause was not embodied in the Revised Code; but simply the general provisions of the first section of the act, declaring parties competent witnesses, with a limitation or exception akin to that found in the present statute, of suits or proceedings by or against executors or administrators. The section of the Code of 1852 (2779), to which we have referred, was nevertheless embodied in the Revised Code of 1867, as § 3218. We have heretofore decided the result was that this section of the Revised Code was repealed by § 2704.

Independent of that consideration, the act of March 2, 1875, is in its nature and character, a revision of, and a substitute for all former statutes touching the competency of parties as witnesses, and furnishes the only rule by which the competency of parties is to be determined, *in suits and proceedings before any court or officer, other than criminal cases*. It is an old and well defined rule of statutory construction that a subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate a repeal of the former.

The appellee was incompetent to testify to any statement by, or transaction with, the testatrix of the appellant, and in permitting him to testify, the Circuit Court erred. For the error, the judgment must be reversed and the cause remanded.