# State *ex rel.* Tyson *et al. v.* Houghton *et al.*

*Proceedings in the Nature of Quo Warranto.*

1. *Board of Revenue of Montgomery County; local act requiring appointment not repealed by general election.*—The local Act approved Feb. 28, 1903, providing that the members of the Board of Revenue of Montgomery County should be appointed

by the Governor, is not repealed by the general election law
approved Oct. 9, 1903, which provides for the election of differ-
ent State and County officers.

APPEAL from the City Court of Montgomery.

Heard before the HON. A. D. SAYRE.

The proceedings in this case were instituted by the
State of Alabama on the relation of A. P. Tyson and oth-
ers against the appellees. The purposes of the proceed-
ings and the facts averred in the information are suf-
ficiently set forth in the opinion.

To the information and the petition the respondents
demurred upon the following grounds: "1st. (a) Said
information and petition show that respondents are hold-
ing said office under appointment from the Governor of
the State of Alabama, and that the term of said office
has not expired. (b) Said General Act was not passed
in compliance with constitutional requirements. 2nd.
Said information and petition shows that respondents
were appointed to and are holding said office under com-
missions from the Governor of Alabama, and that the
term of said offices has not expired. 3rd. Said informa-
tion and petition fails to show that the Acts of the Gen-
eral Assembly and the Legislature of Alabama, under
which respondents were appointed to said office has been
repealed. 4th. Said information and petition show that
the office of member of Board of Revenue of Montgomery
County is an appointive and not an elective one, and that
respondents are holding said office under a valid appoint-
ment to the same. 5th. Said information and petition
show that respondents have and are duly qualified to
hold said office and have been duly commissioned to hold
the same. 7th. Said information and petition show that
respondents are entitled to hold said office of Board of
Revenue of Montgomery County. 8th. The title of said
general election act does not include the repeal of the acts
under which the members of the Board of Revenue of
said County are made appointive." This demurrer was
sustained, and the relator declining to plead further
judgment was rendered in favor of the respondent. From
this judgment the present appeal is prosecuted and the
appellant assigns as error the sustaining of the infor-

[State *ex rel.* Tyson *et al. v.* Houghton *et al.*]

mation and the petition, and the rendition of judgment in favor of the respondents.

J. M. CHILTON and O. C. MANER, for appellants.

Where a later act revises the whole subject covered by earlier laws, general or special, the last Act will be held to repeal such prior Acts insofar as repugnant.—*David v. Levy,* 119 Ala. 241; *Barker v. Bell,* 46 Ala. 221; *Edson's case,* 104 Ala. 50; *Simpson v. May,* 49 Ala. 376; Am. & Eng. Enc. of L. 2d ed. Vol. 26 pp. 730, 733, 743.

The fact that in the general law exceptions are made in respect to certain officers who were appointive and it is provided that such offices shall remain appointive, shows that when it was intended to make exceptions, the Legislature was careful to do so. The rule *expressio unius est exclusio alterius* is the maxim in such cases.—*Payne v. Bartlett,* 101 Ala. 193; 26 Am. & Eng. Ency. 1. (2d ed.) p. 694 and citations to note 6; *Coe v. City of Meridian,* 45 Conn. 155.

HORACE STRINGFELLOW and GEORGE M. MARKS, *contra.*

A repeal by implication is not favored by the law. Even as betwen two general statutes the rule is well settled that "In order to harmonize Legislative Acts, Courts are required to adopt, if necessary, rules of general and liberal construction. If it be possible to reconcile the two statutes so as to permit both to stand without violating sound principals of construction this will be done. The Court will not ordinarily declare a prior act to be repealed by a subsequent one in the absence of express words of repeal unless the provisions of the two are directly repugnant or as frequently expressed irreconcilably inconsistent."—*Roberts v. Pipin,* 75 Ala. 103; *Parsons v. Hubbard,* 64 Ala. 207; *Board of Revenue v. Barber,* 53 Ala. 593.

It is true that the words "in each County" cannot have their full force unless a Court of County Commissioners, Board of Revenue, or Court or Courts of like jurisdiction are elected in each county, but it is well settled that "'where the intention of the Legislature is not apparent to that purpose (and it is not here) *the general words* of

another and a later statute shall not repeal the particular provisions of a former one, the maxim of the law being *generalia specialibus non derogant.*"—*City Council of Montgomery v. National Building & Loan Association,* 108 Ala. 343; *Parker v. Hubbard,* 64 Ala. 207; *Maxwell v. State, supra; State v. May,* 49 Ala. 376; *Rice v. Westcott,* 108 Ala. 353; *White v. Burgin,* 113 Ala. 170; *Yahn v. Merritt,* 117 Ala. 485; *State v. Davis,* 130 Ala. 148; *Sanders v. Co. Commsnrs.,* 117 Ala. 543; *Pierce v. Co. Commsrs., Ib.* 569.

DOWELL, J.—This is a proceedig on information in the nature of a *quo warranto* under the statute. The purpose of it is to oust the respondents from the office of commissioners of the Board of Revenue of the County of Montgomery.

The information sets forth the facts, upon which it is averred, that the respondents are guilty of usurpation of a public office, and on this is based the prayer of ouster, or exclusion from office. By the statement of facts it is shown that the respondents were appointed and commissioned by the Governor of the State of Alabama as commissioners of the Board of Revenue of Montgomery county on April 4th, 1903, under the local Act of the Legislature, approved February 28th, 1903; and that the terms for which they were appointed have not yet expired. It is also stated and averred in the information, that the relators were duly elected to the offices of commissioners of the Board of Revenue of Montgomery county, at the last general election held in November, 1904, under the general election law approved October, 9th, 1903. It is charged that the local statute, under which the respondents claim the right of office, was repealed by the general election law of October 9th.

The respondents demurred to the information, which demurrer was sustained by the city court, and upon the relators declining to plead further, judgment was rendered in favor of the respondents. From this judgment the present appeal is prosecuted.

By an Act of the Legislature, approved March 11th, 1875, a Board of Revenue of Montgomery courty, to consist of five members, was created, the members comprising the Board to be appointed by the Governor, and to hold office for a term of four years and until their successors were appointed and qualified.  By an Act approved February 9th, 1877, the court of county commissioners of Montgomery county was abolished, and the jurisdiction and powers, of the abolished court conferred upon the Board of Revenue.  It was provided in section 2 of this Act, "That all general laws hereafter enacted by the General Assembly of Alabama, in relation to the jurisdiction, powers, authority or duties of county commissioners in this State, shall apply to said Board of Revenue of Montgomery county, except so much of said general laws as may relate to the mode of selecting the members of said courts of county commissioners."

By the Act approved February 28th, 1903, the county of Montgomery was divided into five revenue districts. The Act provides that the Board of Revenue of Montgomery county shall consist of five members, three from districts 1, 2 and 3 and one from each of districts 4 and 5, to be appointed by the Governor, their term of office to be four years commencing on the 4th of April, 1903, and until their successors are appointed and qualified.

At the same session of the Legislature and on October 9th, 1903, the general election law, being an Act, entitled "An act, To further regulate elections in the State of Alabama," was passed and approved.  Section 24 of this Act provides: "The following officers of this State shall be elected by the qualified electors thereof." Among those named in this section are County Commissioners and Boards of Revenue.  Section 25 of this Act provides that, "General elections throughout the State shall be held" for the offices named therein, enumerating the offices, and among them, "county solicitors in such counties where there are solicitors, whose offices are elective, county superintendents of education, Coroner and County Commissioners, or members of Board of Revenue, in each county, or courts or boards of like jurisdiction."  By section 27 of the Act it is provided

that one Coroner, County Commissioners or Board of Revenue of whatever number composed, or courts or boards of like jurisdiction, one tax assessor, one tax collector, one county treasurer, one county superintendent of education, two justices of the peace and one constable for each election precinct shall be elected on the first Tuesday after the first Monday in November, 1904, and every fourth year thereafter.

The repealing clause contained in section 107, is as follows: "All laws and parts of laws in conflict with this Act shall be and the same are hereby repealed."

We have here by the record, on the foregoing statement but one question presented for consideration, and that is, whether the members of the Board of Revenue of Montgomery county are now required to be appointed under the local Act of February 28th, 1903, or are required to be elected under the general Act to regulate elections in this State, approved October 9th, 1903. The determination of this question depends upon whether the former Act was repealed by the latter.

There is no express repeal of the Act of February 28th contained in the Act of October 9th. So if there is any repeal of the former by the latter, it must be one by implication.

In construing Legislative acts, it is the duty of the court always, if possible, to harmonize apparent inconsistencies and reconcile conflicts. In *Roberts v. Pippen,* 75 Ala. 107, it was said, "In order to harmonize legislative acts, the courts are required to adopt, if necessary, rules of fair and liberal construction. If it be possible to reconcile the two statutes so as to permit both to stand, without violating sound principles of construction, this will be done. The court will not ordinarily declare a prior act to be repealed by a subsequent one, in the absence of express words to repeal, unless the provisions of the two are directly repugnant, or, as frequently expressed, irreconcilably inconsistent."—*Pearce v. Bank, of Mobile,* 33 Ala. 693; *George v. Skeaters,* 19 Ala. 738; Brick. Dig. p. 463, §§ 44, 45; Sedgwick's Stat. and Const. Law (2nd ed.), 98.

The element of repugnancy between the provisions in a general statute and one that is special or local, ordinarily will furnish little or no aid in arriving at the intention of the legislature in the matter of repeal. Conflicts in terms and provisions in general and local statutes often exist, and yet both statutes stand, each having a field of operation. When both acts have the same scope, it may be difficult to give both a field of operation, but where, as here, although relating to the same subject matter, one is local in its operation and the other general, each having a distinct field of operation, what might seem a conflict between the two, disappears in finding spheres for the operation of both. In such a case the latter general act does not repeal the former local act unless a repeal is necessary to give the words of the general act any meaning at all.

In *Parker v. Hubbard,* 64 Ala. 207, it was said, there quoting from Sedgwick on Stat. & Con. Law; "When the mind of the Legislator has been turned to the details of the subject, and he had acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all."

In the case of *Maxwell v. State,* 89 Ala. 150, was where a general statute in relation to the drawing of juries in capital cases was in conflict with a prior local act for Jefferson county on the same subject. The general act expressly repealed all laws and parts of laws general and *special* in conflict with it. It was reasoned in that case, that there was a manifest field of operation for both statutes, the local law in Jefferson county and the general law elsewhere in the State, and if the repeal relied on had depended upon the doctrine of repeal by implication, the question would involve no difficulty. The court held that the repeal was not by implication, but that there was an express repeal of all laws and parts of laws general and special in conflict with the general

statute. It is to be observed here, that the general Act of October 9th, 1903, in the repealing clause contains no reference to special laws, as was the case in *Maxwell v. State, supra.*

It is argued that as an exception is made in section 25 of the general law of October 9th with reference to county solicitors, where it provides, that general elections shall be held for county solicitors "in such counties where there are solicitors whose offices are elective," thereby showing a legislative intent to except from the operation of the statute county solicitors who were appointed, invoking the rule, that the expression of one thing is the exclusion of another; that an intention is thus shown to include within the operation of the statute Boards of Revenue, or Courts or Boards of like jurisdiction, throughout the State, whether any of such boards are appointive or elective. We cannot consent to such conclusion. The rule is merely one of construction and is not one of universal application. "If there is some special reason for mentioning one, and none for mentioning the other, the absence of any mention of the latter will not operate as exclusive."—Sedgwick on Construction of Statutes, p. 31.

Moreover, the expression of an intention in relation to the election of county solicitors, to include within the operation of the statute only such county solicitors whose offices were elective, might be said, as argued by council for appellee, as tending to show an intention on the part of the legislature to confine the operation of the statute to elective offices and preserve the appointive ones it had deemed necessary to meet local needs.

It is a familiar principle that repeals by implication are not favored. The intention of the lawmakers is the thing to be ascertained, and when the intention to repeal the former statute is not expressed in the latter, unless such intention otherwise clearly appears, a repeal of the former statute will not be implied. The subject as expressed in the title of the general law of October 9th; "To further regulate elections in the State of Alabama," does not necessarily imply an intention or purpose to change an appointive office into an elective one; on the

7c

contrary the title of the Act would rather afford an inference of a purpose to deal with elective offices. We are not, however to be understood as intimating that it would or would not be competent, under the title to provide in the body of the Act for election to office theretofore appointive.

From the fact that the general Act of October 9th has a field of operation outside of Mountgomery county; the fact that it must be presumed that the local Act of February 28th providing for the appointment of the Board of Revenue of Montgomery county was made necessary by local needs; the fact that both Acts were passed at the same session, and the fact that the general Act does not expressly repeal the special one; and failing to discover or see any thing in the Act of October 9th clearly indicating an intention to repeal the local Act, we feel constrained to hold, under the authorities cited above in this opinion, that the Act of February, 28th, providing for the appointment of the Board of Revenue of Montgomery county was not repealed wholly nor in part by the general Act of October 9th, regulating elections in the State of Alabama.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.