## State, *ex rel.* Bibb, *et al. v.* Town of Warrior.

### *Mandamus.*

(Decided April 17, 1913.  62 South. 69.)

1. *Mandamus; Compelling Performance of Duty.*—Mandamus does not lie to compel municipal officers having discretionary power to exercise their power in a particular way, but does lie to compel an imperative ministerial duty.

2. *Municipal Corporations; Officers; Statutes.*—Acts 1898-9, p. 724, sec. 4, is repealed by section 1067, Code 1907, which section makes it discretionary with the council whether it will create the office of marshal in towns having a population of less than 6,000.

3. *Same; Construction.*—Sec. 1048, Code 1907, means that a municipality may not continue an office, although authorized by its charter, where the office is not authorized by the Municipal Code Act, or by law; and does not mean that all officers merely authorized by the Municipal Code Act must, of necessity, be continued because required by the original charter of the town.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Mandamus by the State on the relation of Carter R. Bibb, and others, against the town of Warrior, and the municipal council to compel said council to elect a marshal ·or other police officer for said municipality. Judgment denying relief and relators appeal. Affirmed.

PHARES COLEMAN, for appellant. The charter of the town of Warrior makes it the duty of the town council to provide for appointment or election of a marshal, or other police officer.—Sec. 4, Acts 1898-9, p. 724. This provision is not repealed by the Municipal Code Act.— Secs. 1047, 1171, Code 1907; *Ogburn v. Ogburn,* 60 Ala. 616; *State v. Warring,* 24 Ala. 701; 28 Cyc. 244. The Municipal Code makes it the duty of the town council to provide for the appointment or election of a marshal or police officer.—Sec. 1192, Code 1907; *Tarver v. Tallapoosa County,* 17 Ala. 527; *Ex parte. Bank,* 28 Ala. 28; *Ex parte Simonton,* 9 Port. 390; *Graham v. Tuscumbia,* 146 Ala. 449. The petition contains all the necessary allegations and mandamus is the proper remedy.—*Tarver v. Com. Ct.,* 17 Ala. 527; *Speed v. Cocke,* 57 Ala. 209; *Murphy v. State,* 59 Ala. 639; *Ex parte Edwards,* 123 Ala. 102; *Hill v. Tarver,* 130 Ala. 592; *Mosely v. Collins,* 133 Ala. 326; *Longshore v. Turner,* 137 Ala. 636; *Brice v. Burke,* 172 Ala. 219.

A. LEO OBERDORFER, for appellee. The Municipal Code revised the whole subject matter of municipal charters, and operated to repeal the former as it was evidently intended for a substitute for same.—*Lemay v. Walker,* 62 Ala. 39; *Edson v. State,* 134 Ala. 50; *Prowell v. State,* 142 Ala.; Sec. 1046, Code 1907; *Ward v. State, ex rel. Parker,* 45 South. 655; *City of Mobile v. F. & P. I. Co.,* 48 Ala. 342. Sections 1067-8, Code 1907, provide for only two officers, and leave it discretionary whether other officers therein named shall or shall not be provided, and mandamus will not lie to compel the exercise of that discretion.—*Ex parte Echols,* 39 Ala. 698.

ANDERSON, J.—The appellant sought by mandamus to compel the town council of Warrior, a munici-

pality of less than 6,000 inhabitants, to elect a marshal or other police officer for said municipality. As aptly stated in brief of appellant's counsel, "the only question in dispute in this case is whether the Legislature makes it the duty of the town council of the town of Warrior to provide for the appointment or election of a marshal or other police officer, or whether it is given the discretionary power to do so." If the council has the discretionary power, mandamus will not lie to compel action. If, on the other hand, the duty is an imperative ministerial one, mandamus is the proper remedy to compel action.

Acts 1898-99, p. 724, § 4, requires the election of a marshal by the town council; so the question that arises is whether or not this section has been repealed by the present municipal law, and whether or not the matter is now discretionary with the town council. Section 1067 of the Code of 1907 says: "In cities having a population of less than six thousand and in towns, the council shall elect a clerk, and may elect a recorder, and fix their salary and term of office, and may determine by ordinance the other officers of such city or town, their salary, the manner of their election, and the term of office, but there shall be no recorder in towns." It will be noted from the foregoing, that the town council have a discretion as to the creation or election of a marshal or other police officers. Therefore, as the act of 1898-99, makes the selection of a marshal imperative, and section 1067 of the Code makes it discretionary, there is a conflict between said section of the Code and section 4 of the act. The municipal act has a repealing clause of all laws, general and special, in conflict therewith. If, however, this repealing clause did not exist, or in case it relates to general and special laws only, and not to local laws, and whether the act of 1898-99 is a local or

special law, as defined by the present Constitution, matters not, for the reason that section 1067 of the Code deals with all offices to be created or filled by the town council in towns of less than 6,000 inhabitants, and leaves it discretionary with them, except as to clerks, and as this law deals fully and completely with the subject, it operates as a repeal of section 4 of the act of 1898-99.—*Prowell v. State,* 142 Ala. 80, 39 South. 164; *Lemay v. Walker,* 62 Ala. 39; *Edson v. State,* 134 Ala. 50, 32 South. 308.

The following quotation from section 1048 of the Code of 1907: "Should there be any office existing under the charter of such city or town not authorized by this chapter, such office shall cease to exist at the first election hereunder"—is of no benefit to this appellant. It simply means that the municipality cannot continue an office, though authorized by its charter, if such office is not authorized by the municipal law, but does not mean that all offices which are authorized by the municipal act, and as to which the said act gives a discretion, must of necessity be continued because required by the original charter.

The trial court did not err in its rulings upon appellants' petition, and the judgment of the city court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.