(76 South. 859)

BOARD OF REVENUE et al. v. JOHNSON.
(6 Div. 625.)

(Supreme Court of Alabama. June 28, 1917. Rehearing Denied Nov. 22, 1917.)

1. STATUTES ⟨93(3)⟩—"SPECIAL LAW."
An act singling out and withdrawing from the influence of a general law a certain class of counties by a distinction applicable at present only to one county, though in theory a general law, is in fact a "special law."
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Special Law.]

2. STATUTES ⟨162⟩ — REPEAL OF LOCAL BY GENERAL ACT.
A later general act does not repeal a former local act relating to the same subject-matter unless repeal is necessary to give the words of the general act any meaning at all.

3. STATUTES ⟨159⟩—IMPLIED REPEAL.
A general law cannot be held to be repealed by a later one if it be possible to reconcile the two statutes so as to permit both to stand without violating sound principles of construction.

4. STATUTES ⟨51⟩ — CONSTRUCTION — RE-ENACTMENT.
When existing statutes are re-enacted, the effect is merely to continue them in force in their original sense.

5. HIGHWAYS ⟨122⟩—LIABILITY TO WORK ON PUBLIC ROADS—STATUTES.
Senate Bill 744, approved September 16, 1915 (Laws 1915, p. 589), providing that in all counties whose aggregate tax values amount to $100,000,000, all persons shall be relieved of legal obligation to work on the public roads, etc., was not repealed by the re-enactment of Code 1907, §§ 5777, 5778, as House Bill 1449, §§ 5½, 6, approved September 22, 1915 (Laws 1915, p. 573), providing that all persons are liable to work on the public roads, except all women, all men under 18, etc.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Lee Johnson against the Board of Revenue and others. From a decree for

complainant, defendants appeal. Decree affirmed.

Hugo L. Black and Ben F. Ray, both of Birmingham, for appellants. J. S. Kennedy, of Birmingham, for appellee.

SOMERVILLE, J. By an act approved September 16, 1915 (Senate Bill 744), it was provided:

"Section 1. In all counties in the state of Alabama whose aggregate tax values, according to the complete tax assessments of the preceding year, now or hereafter, amount to as much as one hundred million dollars, all persons shall be relieved of any legal obligation to work on the public roads or to pay any penalty in default thereof.

"Sec. 2. All general and local laws in conflict with the provisions of this act be, and the same hereby are repealed."

Gen. Sess. Acts 1915, p. 589.

By an act approved September 22, 1915 (House Bill 1449), "to provide for the establishment, discontinuance, construction, use, working and maintenance of the public roads, bridges, and ferries of the several counties of this state" (Laws 1915, p. 573), it was provided, with respect to exemptions from road duty, as follows:

"Sec. 5½. All persons are liable to work on the public roads, except those exempted by section 6 of this act."

Section 6 exempts all women, and all men under 18 and over 45 years of age, and all who have lost an arm or leg, or are incapable of hard labor by nature or by reason of disease. These two sections (5½ and 6) are literal re-enactments of sections 5777 and 5778 of the Code. Section 3 of the act provides:

"That this act shall not be construed to repeal either in part or in whole any existing local or special law."

The complete tax assessments of Jefferson county for preceding years being in excess of $100,000,000, that county was within the operation of Senate Bill 744. But the board of revenue, conceiving that that act was repealed by implication when House Bill 1449 became effective by executive approval six days later, is proceeding to subject to road duty all citizens of Jefferson county not exempted by the general law.

This bill of complaint is filed by one of those citizens to restrain the board of revenue from that action, and the controlling question presented is whether Senate Bill 744 was repealed by House Bill 1449. If not so repealed, then it is conceded that the bill of complaint has equity, and the writ of injunction was properly granted by the trial court on final decree.

[1] While Senate Bill 744 is in legal theory a general law, it is in fact, so far as its operation is concerned, a special law, since it singles out and withdraws from the influence of the general law a certain class of counties, by a distinction which is applicable at present only to Jefferson county. It does not deal with the matter of personal exemptions from road duty, but exempts certain counties from the operation of the general road law. It has a distinct purpose which is entirely consistent with the existence of a general law applicable to all counties whose more limited tax revenues may require the personal aid of their citizens in the maintenance of public roads; and it was intended to coexist with the general law.

[2] In view of the character and operation of the two acts under review, we might well determine the question of implied repeal vel non as in cases of local and general acts:

"When both acts have the same scope, it may be difficult to give both a field of operation, but where, as here, although relating to the same subject-matter, one is local in its operation, and the other general, each having a distinct field of operation, what might seem a conflict between the two disappears in finding spheres for the operation of both. In such a case the latter general act does not repeal the former local act unless a repeal is necessary to give the words of the general act any meaning at all." State ex rel. Tyson v. Houghton, 142 Ala. 90, 38 South. 761.

[3, 4] But if Senate Bill 744 be treated technically as a general law, yet it cannot be held to be repealed by House Bill 1449, "if it be possible to reconcile the two statutes so as to permit both to stand, without violating sound principles of construction." It is a settled rule of construction that when existing statutes are re-enacted the effect is merely to continue them in force in their original sense. Allgood v. S.-S. Steel & Iron Co., 196 Ala. 500, 71 South. 724.

[5] So the re-enactment of sections 5777 and 5778 of the Code as sections 5½ and 6 of House Bill 1449 cannot be intended as working a repeal of another statute with which they were designedly coexistent before, but clearly imports a continuance of that coexistence and co-operation.

While we deem it unnecessary to resort to the House and Senate Journals to ascertain the legislative intent with respect to the relation and bearing of these two acts, yet it is pertinently interesting to observe the following facts:

(1) On the thirty-third day Senate Bill 744 was passed by the Senate and sent to the House. On the same day House Bill 1449 was favorably reported to the House.

(2) On the forty-first day House Bill 1449 was passed by the House, and on the next day sent to the Senate; and on the forty-third day Senate Bill 744 was favorably reported to the House, and also House Bill 1449 was favorably reported to the Senate.

(3) On the forenoon of the 45th day the House concurred in the Senate amendments to House Bill 1449, and passed the bill. On the afternoon of the same day Senate Bill 744 was passed by the House, and both bills were signed by the presiding officers of Senate and House on the same day.

(4) House Bill 1449 was transmitted to the Governor September 15, 1915, at 12:45 p. m.,

and Senate Bill 744 reached him five minutes later at 12:50 p. m.

It is obvious from these proceedings that neither branch of the Legislature conceived of any conflict between the two acts, or entertained any purpose other than their harmonious co-operation within their respective fields.

The decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.