(98 South. 797)

**TUCKER v. McLENDON et al. (6 Div. 25.)**

(Supreme Court of Alabama. Jan. 17, 1924.)

1. **Statutes ⬒162—General law will not impliedly repeal local law though general in form.**

A general law will not repeal by implication a local law—a law affecting a limited territory—although general in form.

2. **Statutes ⬒225¼ — Laws passed at same session construed in pari materia.**

Laws pending at the same time and enacted at the same session are construed "in pari materia"; their provisions are presumed not to conflict and a field of operation given each if consistent with clear intent.

3. **Statutes ⬒170—Repeal and simultaneous re-enactment of statute is continuation thereof.**

Repeal and simultaneous re-enactment of substantially the same statutory provisions is not implied repeal, but a continuation thereof.

4. **Statutes ⬒158, 162—Repeal by implication not favored, and special law not repealed by general law unless in clear conflict.**

Repeal by implication is not favored, and a law dealing with a special subject is not repealed by a subsequent general law unless in clear conflict.

5. **Statutes ⬒157—Repealing clause given effect according to express terms.**

A repealing clause will be given effect according to its express terms, even to repeal of a special or local law.

6. **Statutes ⬒190 — Unequivocal language leaves no room for construction.**

Where the legislative intent is shown by unequivocal language, there is no room for construction.

7. **Municipal corporations ⬒185(4) — City commission of Birmingham authorized to remove policeman at pleasure.**

Under Gen. Acts 1915, p. 789, providing a commission form of government for cities of 100,000 by an election pursuant to the policy of Const. § 106, and in section 10 authorizing the commission to select and employ all officers and

employees, and to prescribe and change the duties and fix salaries of all subordinate officers and employees except the health officer, and providing that officers and employees shall hold office and be removable at the pleasure of the commission, the commission governing the city of Birmingham had plenary power to remove a policeman at pleasure, as such act is original, and not amendatory of the former commission law (Gen. Acts 1911, p. 204) governing such city, enacted with Gen. Acts 1911, pp. 289, 330, 591, as a series to provide a commission government for all cities, and which impliedly repeals as to such city the removal clause in the Civil Service Act of 1911, prohibiting discharge of policemen except for causes specified in writing.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

W. W. Tucker sues D. E. McLendon, W. B. Cloe, W. L. Harrison, W. E. Dickson and Mrs. Mary Echols for damages for the alleged wrongful and unlawful removal by defendants, composing the City Commission of the City of Birmingham, of plaintiff as a police officer. Demurrer being sustained to the complaint, plaintiff declined to plead further; whereupon judgment was rendered for defendants, and plaintiff appeals. Affirmed.

Horace C. Wilkinson and W. B. Harrison, both of Birmingham, for appellant.

Members of the city commission, who remove a member of the police department without following the method provided by statute for so doing, are personally liable for the injury thereby inflicted upon him. Stiles v. Municipal Council of City of Lowell, 233 Mass. 174, 123 N. E. 615, 4 A. L. R. 1365, and cases cited in notes; Acts 1911, p. 682; Burch v. Hardwicke, 30 Grat. (Va.) 24, 32 Am. Rep. 640. The Civil Service Bill (Acts 1911, p. 681) was not repealed by the Five Commission Bill (Acts 1915, pp. 789–796). Board of Revenue v. Johnson, 200 Ala. 533, 76 South. 859; City of Mobile v. Mobile Elec. Co., 203 Ala. 574, 84 South. 816; City of Birmingham v. So. Ex. Co., 164 Ala. 529, 51 South. 159; Allgood v. Sloss Co., 196 Ala. 500, 71 South. 724; So. Ex. Co. v. Tuscaloosa, 132 Ala. 326, 31 South. 460; Mills v. Court of Com'rs, 204 Ala. 40, 85 South. 564. Repeal by implication is not favored. Montgomery v. B. & L. Ass'n, 108 Ala. 336, 18 South. 816; Parker v. Hubbard, 64 Ala. 203; State v. White, 160 Ala. 168, 49 South. 78; State v. Gunter, 170 Ala. 171, 54 South. 283; Mobile v. Elect. Co., 203 Ala. 578, 84 South. 816; State v. Houghton, 142 Ala. 90, 38 South. 761; Insurance Co. v. Baker, 17 Ala. App. 188, 84 South. 480.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellees.

Members of the city commission, who undertake to remove city employee, cannot be held personally liable for such act. Jones v. Loving, 55 Miss. 109, 30 Am. Rep. 508; Chamberlain v. Clayton, 56 Iowa, 331, 9 N. W. 237, 41 Am. Rep. 101; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Scott v. Ryan, 115 Ala. 587, 22 South. 284. The Civil Service Bill (Acts 1911, p. 681) did not repeal any part of the Three Commission Bill (Acts 1911, p. 204). State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 South. 661; State ex rel. Sholl v. Duncan, 162 Ala. 196, 50 South. 265; State v. Houghton, 142 Ala. 90, 38 South. 761. Section 10 of the Five Commission Bill (Acts 1915, pp. 789, 796) is in conflict with the Civil Service Bill (Acts 1911, p. 681), and the Civil Service Bill, as to the city of Birmingham, is expressly repealed by section 36 of the Five Commission Bill. State ex rel. Bibb v. Town of Warrior, 181 Ala. 642, 62 South. 69; Maxwell v. State, 89 Ala. 150, 7 South. 824.

BOULDIN, J. The question of first concern in this cause is: Has the city commission of Birmingham the legal power and authority to remove at pleasure an officer of the police department of the city?

The Legislature of Alabama, in 1911, gave much attention to the question of reform in city government in Alabama. It may be said to have been a part of a nation-wide discussion at that time. The work of the Alabama Legislature found expression in a series of acts for commission forms of government in the cities and towns of the state. To meet the needs of the occasion cities and towns were classified on a population basis. Four separate acts, general in form, were enacted, as follows:

H. B. 12. Cities of 100,000 and more inhabitants. Approved March 31, 1911. Gen. Acts 1911, p. 204.

This act, in immediate application, related to the city of Birmingham alone, and may for convenience be called the "Birmingham Commission Act of 1911."

H. B. 323. Cities of 25,000 to 50,000 inhabitants. Approved April 6, 1911. Gen. Acts 1911, p. 289.

This act applied for the time to the cities of Mobile and Montgomery.

S. B. 208. Towns and cities of 1,000 to 25,000 inhabitants. Approved April 21, 1911. Gen. Acts 1911, p. 591.

S. B. 341. Other cities and towns not covered by the above acts. Approved April 8, 1911. Gen. Acts 1911, p. 330.

Each of these acts provided that a town or city should become subject thereto as it passed from one class to another by change of population.

At the same session of the Legislature was passed "an act to provide for civil service regulations for the officers and members of the police department of the cities in the state of Alabama, having twenty-five thousand or more population and to regulate and prescribe the tenure of office of said officers and members employed in said police depart-

ment of said cities." Approved April 22, 1911 (Gen. Acts 1911, p. 681). This act, by its descriptive terms was applicable for the time to the cities of Birmingham, Mobile, and Montgomery. This Civil Service Act declared, in substance, that no officer or member of the police department should be removed from office except for causes specified in the act, upon charges in writing, and after fair and impartial trial.

The Birmingham Commission Act provided:

"The commissioners shall prescribe and may at any time change the powers, duties, and titles of all subordinate officers and employees of said city, except the title of city health officer; all of whom shall hold office and be removable at the pleasure of the board of commissioners." Gen. Acts 1911, § 6, p. 208.

Which of these conflicting provisions became the law of the city of Birmingham on the subject in hand is a question much debated in briefs of counsel. This question becomes important only as it may affect the construction of a later act now to be considered.

The Legislature of 1915 passed an act entitled as follows:

"An act to provide for the government by a commission of all cities in Alabama which now have, or which may hereafter have, a population of one hundred thousand people, or more, according to the last federal census, or any such census which may hereafter be taken, when such cities by an election adopt the provisions of this act; to provide for the selection and election of commissioners and their terms of office; to fix their powers, duties and compensation; to punish improper conduct in connection with the election of said commissioners, and to otherwise provide for the creation, conduct and maintenance of said commission form of government, and to repeal all laws and parts of laws in conflict with the provisions of this act."

This act was approved September 25, 1915. Gen. Acts 1915, pp. 789 to 807. This act was and is applicable for the time to the city of Birmingham alone, and may be called the "Birmingham Commission Act of 1915." Section 10 of this act contains the same provision touching the tenure of office and removal of all subordinate officers as section 6 of the Birmingham Commission Act of 1911, above quoted. Appellant insists that this provision does not cover the case at bar. The argument appears to rest upon the following propositions:

First. The Civil Service Act of 1911 relates to a special subject—the police department. The Commission Act of 1911 deals with the general powers of the city commission. The two acts were pending, considered, and passed by the same Legislature, and should be treated as parts of one scheme of municipal government—in pari materia. The removal clauses of both acts, in such case, should have concurrent operation. To that end, if consistent with reasonable construction, a field of operation should be found for both. On these premises it is argued, the removal clause of the Civil Service Act governs the police department, and the removal clause of the Commission Act governs the other subordinate officers.

Second. The Commission Act of 1915 is a mere re-enactment or continuance of the removal clause of the Commission Act of 1911. Hence it should be given the same field of operation, and not held to repeal the removal clause of the Civil Service Act.

In studying this line of argument as applied to the legislation in hand, the following may be stated as correct general principles of statutory construction:

[1] A general law will not repeal by implication a local law—a law affecting a limited territory—although in form a general law. Board of Revenue v. Johnson, 200 Ala. 533, 76 South. 859; State ex rel. Tyson v. Houghton, 142 Ala. 90, 38 South. 761; Southern Express Co. v. Tuscaloosa, 132 Ala. 326, 31 South. 460.

[2] Laws pending at the same time and enacted at the same session of the Legislature are to be construed in pari materia. Their provisions are presumed not to conflict and a field of operation will be given each, if consistent with clear intent. State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 South. 661; State ex rel. Scholl v. Duncan, 162 Ala. 196, 50 South. 265; State ex rel. Tyson v. Houghton, 142 Ala. 90, 38 South. 761; Mills v. Court of Com'rs, 204 Ala. 40, 85 South. 564.

[3] "The repeal and simultaneous re-enactment of substantially the same statutory provisions is to be construed not as an implied repeal of the original statute, but as a continuation thereof." 36 Cyc. 1084(E); Allgood v. Sloss-Sheffield Co., 196 Ala. 500, 71 South. 724; Board of Revenue v. Johnson, 200 Ala. 533, 76 South. 859.

[4] Repeal by implication is not favored. A law dealing with a special subject is not repealed by a subsequent general law dealing with the subject in a general way, unless in clear conflict. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 South. 159; City of Mobile v. Mobile Elec. Co., 203 Ala. 574, 84 South. 816; Montgomery v. B. & L. Ass'n, 108 Ala. 336, 18 South. 816.

[5] A repealing clause will be given effect according to its express terms, even to the repeal of a special or local law. Maxwell v. State, 89 Ala. 150, 7 South. 824; State ex rel. Bibb v. Town of Warrior, 181 Ala. 642, 62 South. 69.

[6] All these rules are merely in aid of the prime aim in all statutory construction—to find the intention of the lawmakers. If such intention is clearly shown by unequivocal language there is no room for construction.

The courts in such case cannot go outside the act itself to find its meaning.

[7] The Birmingham Commission Act of 1915 is original and not amendatory in form. It is true to its title above set out. A complete scheme of government by commission, with defined powers, safeguards, and limitations, is set forth in the body of the act. The Commission Act of 1911 is repealed by this later enactment covering fully the same subject-matter. All these commission acts show a purpose to concentrate the power of city government in the hands of a few commissioners. They are given plenary powers, legislative, executive and judicial; powers commensurate with the responsibility imposed. To prevent abuse of power the citizenship retain the power of recall; and to control lawmaking the initiative or referendum is provided. For the purposes of construction before us, it is a local bill. Board of Revenue v. Johnson, 200 Ala. 533, 76 South. 859. This law was made for Birmingham. The thought behind all its provisions was the supposed need of the people of Birmingham. Section 10 of the act reiterates the general intent that the city "shall be governed and managed by a commission of five members." "*Each* and *every* officer and employee of said city," except health and quarantine officers, "shall be selected and employed by the commission, or under its direction, and all salaries and wages paid by said city," except as specified, "shall be fixed by said commission." (Italics supplied.) "The commission shall prescribe, and may at any time change the powers, duties and titles of *all* subordinate officers and employees of said city, *except* the title of the city health officer, and all of said officers and employees shall hold office and be removable at the pleasure of the commission." (Italics supplied.)

It would be difficult to frame a fuller grant of power in the creation and control of the entire official force under the commission. The office is to be defined and named by it, the personnel is to be named by it, the salary fixed by it. The tenure of office and power of removal are covered by the same clause, viz. "Hold office and be removable at the pleasure of the commission." The same inclusive word "all" runs throughout the section. We know no rule of construction that would warrant a holding that this word means what it says throughout the section until it reaches the removal clause, and then make it mean all officers except those in the police department.

But the Act of 1915 does not stop there. Section 36 says:

"That all laws and parts of laws, local, general or special in conflict with the provisions of this act, be and the same are hereby repealed." Gen. Acts 1915, p. 807.

This covers, in legal terms, every class of legislation known to our Constitution except private laws, not pertinent to this inquiry. Constitution of 1901, § 110.

In Maxwell v. State, 89 Ala. 150, 7 South. 824, a case dealing with a similar repealing clause, it was said:

"The office of construction is to ascertain what the language of an act means, and not what the Legislature may have intended."

Again quoting from Lord Campbell:

"It is far better that we should abide by the words of a statute, than seek to reform it according to the supposed intent."

See, also, State ex rel. Bibb v. Town of Warrior, 181 Ala. 642, 62 South. 69.

Another feature of this Commission Act of 1915 should enter into the question of construction before us. The act, in its title and in its body, provided that it should become effective when adopted at an election for that purpose. The form of ballot set out in the act to be used by the voter, after identifying the act by the date of approval, further described the act as follows:

"Providing for a board of five commissioners having the powers, authority, and receiving the compensation provided in this act."

So, every ballot cast for the new commission bill declared that the act voted for fixed the powers of the commission. We think the voter was entitled to take the act for what is said touching the removal of subordinate officers. They were not supposed to vote for this act, already repealed by a law not before them, in the important matter of control over the police department of the city. The policy of section 106 of our Constitution enters into the question. Whatever may have been the effect of the Civil Service Act in repealing this provision of the Commission Act of 1911, we would not be warranted in incorporating the Civil Service provision into this act of 1915. This conclusion renders unnecessary a decision of other questions presented.

The judgment of the court below was in accord with this opinion, and is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.