(136 So. 824)

FIDELITY & DEPOSIT CO. OF MARYLAND v. FARMERS' HARDWARE CO. et al.

5 Div. 84.

Supreme Court of Alabama.

June 25, 1931.

Rehearing Denied Oct. 22, 1931.

White E. Gibson, of Birmingham, and Omar L. Reynolds and Lawrence F. Gerald, both of Clanton, for appellees.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

BOULDIN, J.

Counsel for the parties have thoughtfully and aptly made up the record and filed briefs to present a single question of law, viz.: Is an action by a materialman on a contractor's bond, given to secure performance of a contract with the state, county, or municipality for the construction of a public school building, governed by the "six months'" statute of limitation under the Act of February 10th, 1927 (Gen. Acts 1927, p. 37); or is it governed by the "sixty days'" limitation prescribed by section 28, subd. b of the Act of August 23, 1927 (Gen. Acts 1927, p. 356)? Briefly stated, does the later act repeal the former, as ap-

plied to contractors' bonds given for the construction of public buildings?

■ Repeal by implication is not favored.

■ This well-known rule is given emphasis where the laws in question are considered, enacted, and caused to be published at the same session of the Legislature. They are to be considered in pari materia, and each given a field of operation, if this can be done consistently with any reasonable construction. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159; Tucker v. McLendon, 210 Ala. 562, 98 So. 797; State ex rel. Sellers v. Murphy, Judge, 207 Ala. 290, 92 So. 661; Mills v. Court of Com'rs of Conecuh County, 204 Ala. 40, 85 So. 564; State ex rel. Scholl v. Duncan, 162 Ala. 196, 50 So. 265; State ex rel. Tyson v. Houghton et al., 142 Ala. 90, 38 So. 761.

■ But the office of rules of construction is to ascertain the intention. If the two are in irreconcilable conflict, there remains no room for construction. The later act, in so far as in conflict with the former, is the law.

■ Among instances of this class are those of complete revision and substitution of the later act for the former. Although not amendatory in form, yet, if a comparison of the two leads to the inescapable conclusion that the later act covers the whole subject-matter of the former, rewrites the entire law of the subject, enacts provisions directly in conflict with the former touching the same matter, the later provisions, if valid, must of necessity repeal the former. It is the last expression of the legislative will on the subject. Lemay v. Walker, 62 Ala. 39; Allgood, Auditor, v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 71 So. 724; Prowell v. State ex rel. Hasty, 142 Ala. 80, 39 So. 164; Edson v. State, 134 Ala. 50, 32 So. 308; Fulton v. State, 171 Ala. 572, 54 So. 688; Scott v. Simons, 70 Ala. 352; Ogbourne v. Ogbourne's Adm'r, 60 Ala. 616.

An examination of the two enactments here involved discloses the following:

The bonds covered by the former act as shown by section 1 are contractors' bonds behind contracts "for the repair, construction or prosecution of any public building or public work."

In the later statute, section 28, subdivision (a), the corresponding words are "for the repair, construction or prosecution of any public building or public work, highways and bridges."

The whole of the former act, sections 1, 2, and 3, are copied verbatim in subdivisions (a), (b), and (e) of the later, with minor interlineations or changes denoting the revision intended.

To illustrate, section 2 of the former and subdivision (b) of the latter are word for word the same, except that "six months" is changed to "sixty days," as the time after the complete performance of the contract for bringing suit. The same change only is found in subdivision (e) of the later act, otherwise a verbatim copy of section 3 of the former. Subdivisions (c) and (d) are new to the later act, provide further safeguards by requiring published notice of the completion of the contract, and proof of same before final settlement made; and subdivision (f) is added to provide a means of notice in an alternative not otherwise covered.

The legislative intent to rewrite the former statute with changes and revisions covering the whole subject-matter is manifest. Such a conclusion seems inescapable. But, in view of section 45 of the Constitution, is it within the power of the Legislature to thus extend the provisions of the Highway Act to cover public buildings in no way related to highways and bridges?

The earlier act is entitled "An Act for the protection of persons furnishing materials, foodstuffs, supplies, and labor for the construction of public works, and for other purposes."

The only subject dealt with in the body of the act is protection to such persons through contractors' bonds, with administrative provisions to that end.

The later act is entitled "An Act to provide a general system of legislation pertaining to public roads, highways and bridges, including therein the establishment of a State Highway Department and State Highway Commission," followed by a synopsis giving the subheads to be legislated upon. The title is similar to that dealt with in Gibson v. State, 214 Ala. 38, 106 So. 231.

Neither in the general words above quoted nor in any of the subheads is there any suggestion of a purpose to legislate about public schools, nor the construction of public buildings in no way related to the road and bridge program of the state.

The body of the act covers sixty pages of the printed volume, divided into eleven articles and 230 sections. Of these section 28 alone deals with the subject in hand.

The purpose of section 45 of the Constitution has been too often considered and discussed at length to require a restatement or citation of cases. The evils it aims at would be accentuated by the insertion in pending bills of provisions not germane to the subject stated in the title, and on matters which the Legislature had theretofore considered and acted upon under an appropriate title.

The wisdom of the changes sought to be made by section 28 of the Highway Act is not questioned.

When coming to consider the matter of highway contractors' bonds, knowing a gen-

480

eral act had been passed on the subject, it seems probable there was a desire to make uniform provisions as to all public construction contracts and to supply certain omissions in the former act by incorporating pertinent administrative features.

Be this as it may, the lawmakers anticipated and provided against just such contingency as has arisen. Sections 228 and 229, p. 408, read:

"Section 228. Be it further enacted: That if the provisions of this Act or the application thereof to any person or circumstances shall be held by the Supreme Court of the State to be unconstitutional, such holding shall not affect any other provision of this Act, or the application of such provision to other persons or circumstances, it being the intent and purpose hereof that each provision hereof shall stand or fall on its own merits and that the judicial annulment for unconstitutionality of any provision hereof shall have no effect upon any other provision not so annulled.

"Section 229. Be it further enacted. That in lieu of any provision of this Act that shall be judicially annulled for unconstitutionality, the existing law at the time of the adoption of this Act governing that subject shall be and remain in full force and effect and shall take the place of and be substituted for the provision so annulled."

■■ We are constrained to hold that section 28 of the Highway Act did not effect a repeal of the act of March 11th as to public buildings not connected with the highway department, and not devoted to bridge, highway, or ferry purposes, but does govern as to contractors' bonds given in carrying out the purposes of the Highway Act.

Affirmed.

All the Justices concur.