149 So. 866

DRUMMOND v. UNION INDEMNITY CO.

6 Div. 400.

Court of Appeals of Alabama.
April 18, 1933.

Rehearing Denied June 6, 1933.

F. D. McArthur, of Birmingham, for appellant.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellee.

150 So. 362

## EDGIL v. STATE.
### 6 Div. 163.

Court of Appeals of Alabama.
Jan. 10, 1933.

Rehearing Denied June 6, 1933.

RICE, Judge.

With the single exception we shall point out immediately following the quotation, the following opening paragraph from the opinion by Mr. Justice Bouldin, for the Supreme Court, in the case of Fidelity & Deposit Co. of Maryland v. Farmers' Hardware Co. et al., 223 Ala. 477, 136 So. 824, states, exactly, the question raised here. The said paragraph is as follows: "Counsel for the parties have thoughtfully and aptly made up the record and filed briefs to present a single question of law, viz.: Is an action by a materialman on a contractor's bond, given to secure performance of a contract with the state, county, or municipality for the construction of *a public school building*, governed by the 'six months'' statute of limitation under the Act of February 10th, 1927 (Gen. Acts 1927, p. 37); or is it governed by the 'sixty days'' limitation prescribed by section 28, subd. b of the Act of August 23, 1927 (Gen. Acts 1927, p. 356)? Briefly stated, does the later act repeal the former, as applied to contractors' bonds given for the construction of *public buildings*?" (Italics our own.)

The single "exception" mentioned in the first sentence of this opinion is that here, instead of "a public school building," or "public buildings," where they appear in the above-quoted excerpt from Mr. Justice Bouldin's opinion, we ought to insert the words, *"certain paving and appurtenances thereto on 18th Street between Belleview Circle and Second Ave. West, in the City of Homewood, being a portion of a street in said city but forming no part of a State highway or road."*

As thus altered, the question asked in the last sentence of the above-mentioned quoted excerpt seems to us to have already been, in effect, answered in the affirmative by the Supreme Court. That, of course, concludes us. Code 1923, § 7318.

Anything more that we would say would be but to quote other excerpts from the opinion in the above-cited case of Fidelity & Deposit Co. of Maryland v. Farmers' Hardware Co. et al. Such seems useless. Upon the authority of the holding, or rather the opinion, in that case, we hold that the lower court correctly ruled that the "sixty days'" limitation prescribed by section 28, subd. b of the Act of August 23, 1927 (Gen. Acts 1927, p. 356), applied in this case. And its judgment is affirmed.

Affirmed.