**JIMMERSON v. STATE. (4 Div. 664.)**

(Court of Appeals of Alabama. March 6, 1923. Rehearing Denied June 26, 1923.)

Statutes ⬳250—Section of prohibition statute, declaring act immediately effective, held valid.

Acts 1919, p. 17, § 21, declaring that the act, a prohibition measure, "shall take effect from and after its passage and final enactment, * * *" is valid and effective, notwithstanding Code 1907, § 7805, which conditionally suspends the operation and enforcement of penal statutes.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Tom Jimmerson was convicted of manufacturing liquor, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Jimmerson, 210 Ala. 189, 97 South. 686.

McDowell & McDowell, of Eufaula, for appellant.

The act under which the indictment was found did not become effective until 60 days after its approval. Weaver v. State, 18 Ala. App. 47, 88 South. 362; Clark v. State, 18 Ala. App. 217, 90 South. 16.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The evidence for the state discloses that the crime was committed, if at all, during February or the first of March, 1919, and it is contended by defendant that the law creating the offense of which defendant is charged did not become effective until March 27, 1919, sixty days after its approval by the Governor, and that the effort of the Legislature to make the law approved January 25, 1919 (Acts 1919, p. 6), in section 21 (page 17), operative from its adoption was abortive. Section 21 of the act contains this clause:

"This act shall take effect from and after its passage and final enactment into law, the public welfare requiring it."

To hold with defendant's contention would be to say that the above-quoted clause of the act was meaningless. But for section 7805 of the Code of 1907, which conditionally suspends the operation and enforcement of penal statutes, all laws enacted by the Legislature would become effective upon their final adoption, which includes action by both houses of the Legislature and the approval of the Governor or his failure to act within the time prescribed by the Legislature. The act here in question specifically provides that the law shall take effect from final enactment into law, which can mean nothing else, other than immediately upon its complete enactment. The general charge as requested by defendant was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.