172 So. 284

**LEE, State Comptroller, v. CITY OF DECATUR.**

**3 Div. 191.**

Supreme Court of Alabama.

Jan. 21, 1937.

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellant.

T. C. Almon and S. A. Lynne, both of Decatur, for appellee.

BOULDIN, Justice.

The purpose of this litigation is to test the constitutionality of an act entitled "An act to appropriate the sum of One Hundred Thousand Dollars for the relief of the City of Decatur, Morgan County, Alabama," approved September 2, 1935. Gen.Acts 1935, p. 745.

We consider the several grounds of attack in the order presented in the brief of the Attorney General on behalf of appellant.

The bill is challenged as violative of that provision of section 64 of the Constitution which reads: "* * * no amend-

ment to bills by one house shall be concurred in by the other, unless a vote be taken by yeas and nays, and the names of the members voting for and against the same be recorded at length on the journal."

The bill originated in the House, was there amended on third reading, the amendment and the yea and nay vote thereon being entered upon the House Journal. As amended, the bill was passed by yea and nay vote entered on the House Journal, and, on order of the House, sent to the Senate without engrossment.

In the Senate the bill had three readings and was passed by yea and nay vote without amendment in the Senate. All these proceedings appear in regular order on the Senate Journal.

Appellant argues that under the above-quoted provision of section 64 it was necessary for the Senate to adopt the House amendment by yea and nay vote, the amendment and yea and nay vote thereon being entered on the Senate Journal.

The argument misconstrues such provision. It applies to amendments made in either house to bills theretofore passed by the other house.

The House bill as amended therein went to the Senate to be considered in its entirety. The Constitution does not contemplate that the bill as finally passed by the House should be taken up piecemeal in the Senate. The passage of the bill as it came from the House, duly shown on the Senate Journal, makes it entirely certain that the Senate passed the identical bill passed by the House. If the Senate had amended the bill as passed by the House it would have been necessary for the bill to be returned to the House for concurrence in or rejection of the Senate amendment. This is the class of amendments covered by the provision of section 64 in question.

The case of Board of Revenue of Jefferson County et al. v. Crow, 141 Ala. 126, 37 So. 469, holds nothing to the contrary. That case concerned amendments made in the Senate to a bill originating in the House, and was complicated by a disagreement between the two houses, resulting in a committee of conference. On the whole proceedings as shown on the journals it did not appear some of the Senate amendments were ever concurred in by the House so as to become incorporated in the bill as finally signed by the presiding officers of the two houses and approved by the Governor.

Certain language of that opinion was clarified in State ex rel. Brown v. Porter et al., 145 Ala. 541, 545, 546, 40 So. 144, wherein it was held that, upon an amendment in one house to a bill originating in the other, it is not required that the amendment appear on the journals of both houses, but suffices, if entered on the journal of the house adopting the amendment, and the concurrence of the other house is sufficiently shown by a yea and nay vote on such amendment entered on the journals. See, also, State Docks Commission et al. v. State ex rel. Jones, 227 Ala. 521, 532, 150 So. 537.

■ We commend the prevailing practice, however, of incorporating the amendment or amendments in the message returning the bill as amended to the house in which it originated for the latter's concurrence. The entry of such message on the journal of the house which receives it serves to make certain that the identical amendment was passed by both houses.

Other recent cases construing section 64 are: In re Opinions of the Justices, 228 Ala. 140, 144, 152 So. 901; Oppenheim v. City of Florence, 229 Ala. 50, 51, 54, 155 So. 859; In re Opinion of the Justices, 232 Ala. 156, 167 So. 327.

■ It is next argued that the act is violative of section 45 of the Constitution. The contention seems to be that the title is deceptive and misleading, does not clearly disclose the subject of legislation.

The body of the act consists of three short sections in substance enacting that the state comptroller draw his warrant in favor of the City of Decatur, for the sum of $100,000, payable out of the public road and bridge funds of the Highway Department to reimburse the city for like amount appropriated by the city to the State Highway Commission; that said sum, $100,000, is hereby appropriated from the highway funds designated to pay the warrant; that the act became effective October 1, 1935, and the appropriation be paid out of such funds available for the year 1936, meaning, obviously the fiscal year 1936, beginning October 1, 1935. Gen.Acts 1935, pp. 745, 746.

Appellant complains that the title gives no intimation that the appropriation is to be paid out of highway and bridge funds allocated to the Highway Department; that the act is a diversion of funds from purposes to which they had been appropriated, and not an appropriation payable from designated funds.

Suffice to say the provisions of the act were germane to the title. The legislator, on hearing the title, would at once inquire why appropriate this sum to the City of Decatur, and from what fund is it to be paid.

The fund from which payable was matter of detail properly incorporated in the body of the bill. Why Decatur should have such relief was for ascertainment from the bill, or such general sources of information open to legislators in the exercise of the lawmaking power.

■ In this case, quite appropriately, a preamble to the bill sets forth the occasion for the act. It sets out certain minutes of the Highway Commission of 1925, reciting, in effect, that the construction of a standard highway bridge across the Tennessee river at Decatur was of state-wide importance; that the commission was without available funds sufficient to erect such bridge; extending to citizens or municipalities an invitation to supplement the fund to the amount of $100,000, with assurance that with said additional funds the bridge would be built; and finally a resolution that it was the sense of the commission that as a matter of justice to the municipalities furnishing such supplemental fund they should be reimbursed at such future time as sufficient road and bridge funds should become available.

The preamble then recites that the cities of Decatur and Albany, now merged into the City of Decatur, did issue their general obligation bonds, and place the proceeds, $100,000, at the disposal of the Highway Commission, and same were used in the construction of such bridge.

We are unable to appreciate the force of an argument to the effect that the act of the lawmaking power of the state appropriating available road and bridge funds to the purposes of this act is not an appropriation, but a diversion of funds theretofore appropriated to the Highway Department by the same lawmaking power for purposes other than the instant appropriation.

■ Admitted, highway funds already pledged by constitutional or statutory provisions to the payment of bonds or other outstanding obligations wherein a charge on specific funds has become a vested right under existing contracts, no diversion of such funds to the extent so pledged can be made. But an appropriation to the Highway Department of highway and bridge funds for the general purposes of construc-

tion and maintenance does not strip the Legislature of power, from time to time, to fix special charges thereon, and appropriate funds to that end.

■ Next, it is argued this act was repealed by that section of the General Appropriation Bill, passed four days later at the same session, which reads: "1. (1) For salaries of three Highway Commissioners @ $3,600.00—$10,800. (2) For interest and sinking funds on outstanding highway bonds so much of the gasoline taxes and motor vehicle licenses collected, as may be necessary to pay the same. (3) For maintenance and construction of roads and bridges, and other expenses of the highway department, the rest and residue of gasoline taxes, motor vehicle licenses, and all other revenues coming in or accruing to the Highway Department, by virtue of Federal Aid, Statutes of Alabama, or otherwise." Gen.Acts 1935, pp. 798, 799.

This, in connection with the repealing section, page 800.

The quoted section simply allocates or appropriates the revenues therein designated to the purposes for which they were levied, and, generally speaking, already devoted to such uses by the levying statutes. This section looks first to the payment of salaries, but that does not mean to displace demands of the second class to which certain levies had been first pledged. Division No. (3) is not at all in conflict with the act before us. The outlays for roads and bridges, and "other expenses" of the Highway Department, can only mean those expenses which the department is by law authorized to incur, and those provided for by positive statute, such as the appropriation bill here under review. We need not elaborate on the well-recognized rule that two statutes under consideration and passed by the same Legislature are to be construed in pari materia, and both given effect unless the intent to repeal be clearly manifest. No such intent appears here.

■ That this is a general act within the meaning of section 110 is clear. Special comment is unnecessary. State v. Clements et al., 220 Ala. 515, 516, 126 So. 162.

■ Finally, it is insisted that the act under review creates a debt in violation of section 213 of the Constitution. This, not upon the ground that an appropriation payable from the revenues of the current year constitutes a debt. Nor is it questioned that the facts import a moral obligation to the City of Decatur, which may be rec-

ognized, and made the basis of an appropriation. See State v. Clements et al., supra.

The insistence is that the act was enacted in September, 1935, during the fiscal year ending September 30, 1935, and calls for payment from the road and bridge funds of the fiscal year 1936. Whether this, without more, would make it a debt we need not decide. We merely note that under our constitutional system a general appropriation bill covers four years, the period from one quadrennial session of the Legislature to another. We are not apprised of any constitutional provision against special appropriations payable at any time during that period from revenues accruing for the year when payment is to be made.

Sufficient for present purposes is the fact that this act expressly provides it shall go into effect and become operative October 1, 1935, a date within the fiscal year 1936, the year payment was to be made from current revenues.

No statute has ex proprio vigore any force until it becomes the law of the land, the date fixed for it to go into effect. This question was fully considered in In re Opinions of the Justices (In re Income Tax Enabling Act), 227 Ala. 291, 149 So. 776. We now approve what was there written. No further discussion is necessary.

Let the judgment awarding mandamus be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.