2 So.2d 334
STONE, County Treasurer, v. STATE ex rel. LARTIGUE.

I Div. 399.

Court of Appeals of Alabama.
May 13, 1941.

164

Geo. A. Sossaman and Wm. M. Bekurs, both of Mobile, for appellee.

Gordon & Gordon, of Mobile, for appellant.

SIMPSON, Judge.

The case comes to us by appeal from an order of the lower court directing the issuance of a peremptory writ of mandamus to appellant for the payment of salary allegedly due appellee as road patrolman of Mobile County. Right to the writ, as presented by the petition of appellee, was grounded upon the Mobile County Road Patrol Act (No. 385), passed at the regular session of the Legislature, 1931, General Acts of Alabama 1931, pp. 454, 455.

Appellant challenges the validity of the act as a defense to the proceeding, asserting, first, that it is lacking in due enactment and violative of Section 45 of the Constitution, and, second, that subsequent legislation has effected to repeal it.

Hearing before the trial court was upon an agreed statement of facts which appear in the report of the case.

The pertinent provisions of said Act (No. 385) are:

"Section 1. That in all Counties of the State of Alabama having a population of

not less than 105,000 nor more than 300,000 according to the last or any subsequent Federal Census, the Sheriff is hereby given authority to appoint as many patrolmen as he may deem necessary, not to exceed three, to patrol the public highways of said County for the purpose of enforcing the Motor Vehicle and all laws on the Statute Books relating to the operation of automobiles and motor vehicles on the Public Highways of such Counties and all traffic laws on the Statute Books of the State of Alabama. The said patrolmen so appointed shall be vested with the authorities and duties of Deputies Sheriff.

"Section 2. The salaries of such patrolmen shall be one hundred and fifty ($150.00) dollars per month, for each patrolman, such salaries to be paid by the County out of the general funds of said County, and such salaries shall be preferred claims against said County and shall be given the same priority as claims for compensation of the members of the Court of County Commissioners or Boards of Revenue.

"Section 3. All patrolmen appointed and employed under the provisions of this Act shall hold office at the will of the Sheriff so appointing them, but not beyond the expiration of the terms of such Sheriff, and during their tenure of office they shall be vested with all the powers and authority of a Deputy Sheriff.

"Section 4. The Board of County Commissioners, Board of Revenue and Road Commissioners, or like body, in all of such Counties is hereby directed and authorized to purchase such automobile and other equipment, including supplies, such as gasoline, oils, greases, tools, and other apparatus necessary in the operation and maintenance of such automobiles or other equipment as may be requisitioned by the Sheriff for the use of the patrolmen appointed and employed under the provisions of this Act, and to keep said automobiles and other equipment in proper repair." Gen.Acts 1931, pp. 454, 455.

This Act, of course, is general in form, with local application (to Mobile County).

As to the first contention of appellant, wherein the Act is assailed upon constitutional grounds, our Supreme Court, in Mobile County v. Holcombe, 239 Ala. 448, 195 So. 438, held the Act to have been validly enacted, there having been no infringement of Section 45 (and other named sections) of the Constitution. This authority is adverse to appellant and, as to us, decisive of the question. Additional treatment of the subject, here, is perforce pretermitted. Code 1923, Section 7318, Code 1940, Tit. 13, § 95.

Subsumed in the second proposition of appellant, that the Act has been repealed, are the contentions, first, that upon the passage and approval of the State Highway Patrol Act of 1939 (Gen.Acts 1939, Act No. 181, pp. 300–309, Code 1940, Tit. 36, §§ 59–74), the statute under discussion was thereby repealed, and, if not, second, the Constitutional Amendment (Gen.Acts 1939, No. 432, p. 580) and the enabling Act to effectuate it (Local Acts, Mobile County, 1939, Act No. 594, p. 355), whereby the Sheriff of Mobile County was placed upon a salary status, operated to repeal the said Act. As a predicate for our discussion, it should be observed that these several legislative enactments are silent as regards the Road Patrol Act (No. 385) of 1931, and if they have operated to repeal it, it is by implication only.

The well known rules of construction regarding the repeal of statutes by implication are briefly reviewed.

Generally, an act is not impliedly repealed by a later act because of repugnancy, inconsistency or conflict, unless the repugnancy, inconsistency or conflict is plain, unavoidable and irreconcilable. 59 Corpus Juris, p. 914.

Repeal by implication is not favored and if there be a discrepancy, such interpretation should be made, if practicable, that both may stand together. And the latter statute shall not repeal an older one by implication, unless so inconsistent that they, both, cannot stand together. Repugnance between the two must be glaring and irreconcilable. Both the terms and the necessary operation of the two acts must be incapable of reconciliation before a later act operates to repeal a former one by implication. Bates et al. v. State ex rel. Conniff, 240 Ala. 609, 200 So. 779; Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920.

If the two may be reasonably construed so as to leave a field of operation for both, such construction will be accorded. Mills v. Court of Com'rs., 204 Ala. 40, 85 So. 564; Bates case, supra.

A general law will not repeal by implication a local law, though in form a general law and passed as such. Tucker v.

166

McLendon, 210 Ala. 562, 98 So. 797; Bates case, supra (citing Davis v. Browder, 231 Ala. 332, 165 So. 89, 91). This case (Bates) contains an excellent compilation of apposite authorities.

▮ The question of implied repeal being one of legislative intent, the time of enactment and effective dates must be considered, and where the two acts are passed at the same session of the legislature on the same subject, it shows an intent that one is not repealed by the other, but that they are to be construed together. Ex parte Jones, 212 Ala. 259, 102 So. 234. In such circumstances, they are presumed not to conflict if consistent with clear intent. Tucker v. McLendon, supra. And when construing such statutes, passed at the same session and considered at the same time by the legislative body, the rule disfavoring repeal by implication is accentuated. In re Opinions of Justices, 231 Ala. 152, 157, 164 So. 572.

▮ And, of course, finally, a liberal construction must be accorded the statutes, if necessary, in order to reconcile them. Williams v. State, Ala.App., supra.

▮ Giving application of these rules of construction to the instant case, the conclusion is inescapable that the Act of 1931 authorizing road patrolmen for Mobile County must stand. Only brief comment is deemed necessary.

The argument of appellant that the Highway Patrol Act of 1939 has supervened to repeal the local statute is best answered by reference to the two. They each clearly have a field of operation. The duties of the respective patrolmen, prescribed by the two acts, are not the same. Nor, in practical execution and operation could they be the same. For the State patrolmen, as to patrol duty in policing traffic violations, must from practical necessity, as a rule, limit their activities to the main State highways, whereas the Mobile County patrolmen must, in executing their duties under the local act, patrol all the county roads. That such was within legislative contemplation is to be reasonably inferred. To us, the acts can be reasonably construed so as that both can have a field of operation. Support for this view is found in the rationale of the opinions of our Supreme Court in the treatment of analogous questions. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432.

It can be added that, were the courts to adopt the construction sought by appellant, the result might be reached that the office of all deputy sheriffs in the State, upon a salary status by acts previous to the 1939 State Highway Patrol Act, now stood abolished by reason of the last above mentioned statute.

▮ Equally untenable is the final contention that the Constitutional Amendment, Gen.Acts 1939, p. 580, and the responding local enabling act, Local Acts 1939, p. 355, placing the office of the Sheriff of Mobile County upon a salary basis, effected the repeal of the earlier act (1931). The field of operation of the two is not the same. Construction can be reasonably given so that both have a legitimate scope of operation. Under the 1931 Act, the road patrolmen, although having duties of deputies sheriff, are primarily charged with the enforcement of the motor vehicle and traffic laws. Whereas, under the local enabling act of 1939 setting up deputies sheriff for the county, no such duties are mentioned, there devolving upon them the regular, and manifold, duties of such officers. Hence, we might employ the syllogistic statement that while (under the 1931 Road Patrol Act) all road patrolmen are deputies sheriff, yet (under the 1939 enabling Act and Constitutional Amendment) the deputies sheriff, there provided for, are not made road patrolmen. We find some analogy, with supporting reasoning, in Dickens v. Dickens, 174 Ala. 305, 56 So. 806, 808. So, here, borrowing the language there used, that the later Act (1939) wrought to place the sheriff's office upon a salary status, etc., "evinced no purpose to abrogate any other feature of the system. On the contrary, the necessary implication is that the other pertinent provisions were satisfactory to the lawmakers."

▮ Most significant as indicating a legislative purpose to give continuing effect to the 1931 Road Patrol Act (of Mobile County), and thereby creating a direct and positive implication against its repeal, is that it is substantially embodied in the new and recently adopted Code of Alabama of 1940, Title 62, Miscellaneous Laws, Chap. 2, Article 14, Section 48. Tracing the legislative history of the Act adopting this Code and of the local enabling Act regarding the sheriff's office, supra, reveals that both acts were under consideration by the same legislature and enacted at approximately the same time. They are, therefore, to be construed in pari materia and both given effect

if possible, and unless it is manifest that repeal was intended. .Lee v. City of Decatur, 233 Ala. 411, 414, 172 So. 284; Ross v. State, 15 Ala.App. 187, 72 So. 759. Contrary to the argument that a purpose clearly appears to repeal the Road Patrol Act of 1931, we .think the clear import of these last mentioned legislative enactments is that the Act shall remain extant.

We cannot accord with the contention of learned counsel for appellant, but agree with the.conclusion of the lower court that the 1931 Road Patrol Act is still in effect. It results that the judgment there rendered must be affirmed.

Affirmed.