32 So.2d 297

### OPINION OF THE JUSTICES.
### No. 85.

Supreme Court of Alabama.
Oct. 22, 1947.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Title 13, § 34, as to whether an Act of the Legislature relating to the exemption of certain property from ad valorem taxes is, or would be if applied to current tax year, violative of constitutional provisions.

The Honorable Chief Justice
and Associate Justices of the
Supreme Court of Alabama
Judicial Building
Montgomery, Alabama
Gentlemen:

As Governor of Alabama, I hereby respectfully request, in writing, the opinion of the Justices of the Supreme Court on the following important constitutional questions, to-wit:

Does Section 100 of the Constitution of Alabama 1901 prevent the exemption of personal property in Alabama from ad valorem taxes for the tax year beginning October 1, 1947, and ending September 30, 1948, and due October 1, 1948, and delinquent January 1, 1949, as provided by Act No. 639 of the Legislature, approved October 9, 1947, a copy of which Act is hereto attached.

Does said Act violate Section 211 of the Constitution of Alabama 1901?

Should you hold that said Act does contravene Section 100 of the Constitution insofar as ad valorem taxes due October 1, 1948, on such property are concerned, does such holding affect the applicability of the exemption provided for by said Act to ad valorem taxes accruing on such property for the tax years subsequent to the tax year 1947-48?

This request is made under the authority of Code of Alabama 1940, Title 13, Sections 34 and 35.

Respectfully submitted,

James E. Folsom
Governor

The Act exhibited with the inquiry amends subsections (j), (k) and (p) of Section 2, Title 51 of the Code by increasing the exemptions as to farming tools, tools and implements of mechanics, household and kitchen furniture, and property of incompetent veterans; and adds subsection (q) as follows: (q) The following items of personal property when owned by individuals for personal use in the home or usually kept at the home of the owner and not carried as stocks of merchandise; namely, libraries; phonographs, pianos, and other musical instruments; paintings; precious stones, jewelry, plate silverware, ornaments, and articles of taste; watches and clocks; wagons, buggies, bicycles, guns, pistols, canes, golf sticks, golf bags, and sporting goods; money hoarded; radios; mechanical and electrical refrigerators.

Section 3 of the Act is: "This Act shall become effective immediately upon its passage by the Legislature and approved by the Governor, or upon its otherwise becoming a law."

The constitutional provisions referred to are as follows:

"Sec. 100. No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be extinguished except by payment thereof; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."

"Sec 211. All taxes levied on property in this state shall be assessed in exact proportion to the value of such property, but no tax shall be assessed upon any debt for rent or hire of real or personal property, while owned by the landlord or hirer during the current year of such rental or hire, if such real or personal property be assessed at its full value."

Honorable James E. Folsom,
Governor of Alabama,
Montgomery.

Sir:

Answering your inquiry of October 16, 1947, as to whether it would violate section 100 of the Constitution of Alabama to apply the Act No. 639, H. 320, entitled An Act to amend section 2, Title 51, Code of 1940, relating to exemptions from ad valorem taxes of certain property and persons, approved October 9, 1947, to the tax year beginning October 1, 1947, and ending September 30, 1948, we refer you to the Opinion of the Justices, 234 Ala. 358, 175 So. 690, 696, in which we said:

"After October 1st, the Legislature cannot relieve one, by classification of taxpayers, or otherwise, from the payment of ad valorem taxes for that year on property

574

owned by him October 1st, to the extent the Legislature subjects such property to such taxes for that year, whether the act of the Legislature either in subjecting it or exempting it occurred before or after October 1st.

"Section 100 of the Constitution was not intended to control the power of the Legislature in selecting or the exempting of property of certain classes from taxation. But as to such property as is and remains taxable by act of the Legislature, its owner on October 1st is and remains liable for the payment of the tax, and he or the class of taxpayers to which he belongs cannot be relieved of its payment by act of the Legislature effective after October 1st."

■ We still entertain that opinion, and therefore we advise you that we do not think that section 100 of the Constitution prevents the effective operation of the exemption there declared during the current tax year beginning October 1, 1947, and ending September 30, 1948, and likewise the taxes due October 1, 1948, on the assessment made for that period are properly affected by the exemption so enacted.

■ Insofar as section 211 of the Constitution is referred to in your inquiry, we notice that in the same opinion referred to above, we expressed the view that section 211, supra, does not in any sense require all property to be taxed. And that when the legislature classifies some for taxation and other sorts for exemption, section 211, supra, is not thereby violated. That means of course that the classification must be upon some rational basis having relation to its inherent nature or the use to which it is put.

■ We see nothing in the Act to which you refer that would justify us in holding that the classifications for exemption there made were capricious and void and violated section 211, supra.

Respectfully submitted,
LUCIEN D. GARDNER,
Chief Justice.
JOEL B. BROWN,
ARTHUR B. FOSTER,
J. ED. LIVINGSTON,
THOMAS S. LAWSON,
DAVIS F. STAKELY,
Associate Justices.