44 So.2d 905

**STATE v. FIRST NAT. BANK OF MONTGOMERY.**

**3 Div. 557.**

Supreme Court of Alabama.

Feb. 9, 1950.

Rehearing Denied March 9, 1950.

A. A. Carmichael, Atty. Gen., and Wm. H. Burton, Jr., Asst. Atty. Gen., for appellant.

Wm. S. Duke, of Montgomery, for appellee.

FOSTER, Justice.

The question on this appeal is to what extent the deduction from the State income tax provided for in the Act approved October 9, 1947, No. 693, General Acts 1947, page 527 Code 1940, Tit. 51, § 385(1) has in respect to such tax for the calendar year 1947.

The State contends that only such amount as was paid by the taxpayer in that year occurring after October 9th should be allowed as a deduction, upon a proper interpretation of the Act. The taxpayer contends that the Act provides for a deduction of such sums as may have been paid throughout the entire year of 1947, including such as was paid prior to October 9th, as well as after that date.

The State's contention is rested on the terms of section 5 of the Act, which is that "This Act shall take effect immediately upon its passage and approval by the Governor or upon its otherwise becoming a law." The taxpayer's contention is rested on the terms of section 1 of the Act, whereby a deduction is allowed for such payments made "during the taxable year," and therefore is not confined to those payments made after October 9, 1947.

The State Department of Revenue made the assessment on the basis of the State's contention, above noted, and the taxpayer appealed to the circuit court, in equity. In that court the taxpayer filed a complaint seeking a correction of said assessment to the extent of allowing a deduction according to his contention. The State's demurrer was overruled and the State has appealed. Both parties agree that the appeal properly presents their controversy. We will so treat it.

The taxable year here involved was the calendar year of 1947, for which the taxpayer made his return. This return was due to be made and was made on or before March 15, 1948. Section 394, Title 51, Code.

■■ We agree with the contention of the taxpayer that section 5 of the Act, supra, was not intended to limit its operation to that part of 1947 which transpired after its approval. That section of the Act was evidently inserted as is not unusual to relieve it of any question as to whether it is controlled by section 8, Title 1, Code, see, General Acts 1947. The lawmakers did not wish to subject the Act to a possible construction that it was penal and its effect postponed for sixty days under the terms of that statute. That statute being a mere enactment of the legislature, nothing hinders the legislature from abrogating its effect upon any of its acts. Henback v. State, 53 Ala. 523, 25 Am.Rep. 650; Jimmerson v. State, 19 Ala. App. 305, 97 So. 686, certiorari denied, 210 Ala. 189, 97 So. 686; Lee

428

v. City of Decatur, 233 Ala. 411, 172 So. 284(10); In re Opinion of the Justices, 227 Ala. 291, 149 So. 776.

Section 5, supra, merely made sure that the Act became effective as a law on October 9, 1947, and not sixty days thereafter. It does not purport to limit its operation to payments made after October 9th. Whereas section 1, supra, extends its operation to the entire taxable year. We have held a revenue act to be applicable to the entire taxable year though it became effective within that year and though the act was relieved of the limitation in section 8, Title 1, supra, by a provision similar to section 5 of the Act of October 9, 1947, supra. In re Opinion of the Justices, 249 Ala. 572, 32 So. 2d 297. See, also, In re Opinion of the Justices, 234 Ala. 358, 175 So. 690; Brushaber v. Union Pacific R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas.1917B, 713; Reynolds v. United States, 292 U.S. 443, 54 S.Ct. 800, 78 L.Ed. 1353.

The trial court committed no error in overruling the demurrer raising the question which we have discussed.

Affirmed.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.