226 So.2d 627

**Euvaughn R. JOHNSON**

v.

**L. Z. ROBERTSON.**

**7 Div. 814.**

Supreme Court of Alabama.

Sept. 18, 1969.

Chas. J. Scott and Chas. M. Scott, Fort Payne, and Joe M. Dawson, Jas. S. McGinty and Jack Livingston, Scottsboro, for appellant.

Robt. B. French, Fort Payne, for appellee.

PER CURIAM.

Suit in the Circuit Court of DeKalb County, in Equity, to set aside, vacate and annul a judgment on the law side in favor of appellant against appellee. The latter alleged that he was not served with process and had a meritorious defense to the suit. The trial court granted relief by final decree from which this appeal follows.

The trial court determined *inter alia* from the evidence *ore tenus* that appellee

was never served with a summons and complaint incident to the suit filed on July 26, 1966.

We note that appellee averred in his bill of complaint as·follows:

"That heretofore, on to-wit: October 5, 1966, a judgment by default was rendered in the above styled cause, Case No. 262, in the law side of this Honorable Court in favor of Euvaughn R. Johnson, also known as Euvone R. Johnson against Lionel Willingham and your. petitioner, the Complainant herein, L. Z. Robertson, for the sum of SIX THOUSAND SEVEN HUNDRED FIFTY FOUR and 36/100 DOLLARS, and a further sum of $27.25 .costs of Court."

Following the foregoing averment appellee alleged as follows:

"Your Complainant alleges that he had absolutely no knowledge that a suit had been instituted against him on July 26, 1966, and did not know that a suit had been filed against him until after March 13, 1967, when the Sheriff of DeKalb County served him with a notice of levy for a judgment entered against him in the above mentioned case."

It occurs to us that the record refutes the last aforequoted allegation. On cross-examination of appellee appears the following:

Mr. Scott: "Q. On August 18, 1966, less than a month after this case was filed on the law side of the Court, if I didn't write you a letter and you received a letter in which the first paragraph generally stated that I felt that I couldn't close your loan for you as long as we had this case pending against you, as long as the case of Bud Johnson against you and Lionel was pending?

"A. That is right.

"Q. In the final paragraph I stated, 'I just checked the record of the law suit today and it shows that you and Lionel were both served on July 26. · Remember

that you only have thirty days from that date to file your answer'?

"A. Yes, sir."

Appellant offered in evidence, over the objection of appellee, a letter as follows:

"August 18, 1966

"Mr. L. Z. Robertson
P. O. Box 125
Rainsville, Alabama 35986

"Dear L. Z.:

"Since we have been in court for the past three weeks, I am just now getting a chance to look at the papers which you gave me here in the office the other day. After thinking it over, I don't see how I could be in position to close your Federal Land Bank Loan as long as this case for Bud Johnson against you and Lionel is still pending. It would be very simple for you to notify the Federal Land Bank that you went another lawyer to close your loan. Whomever you choose will not have much difficulty in doing the work for you because the title examination only needs to go back to your last Federal Land Bank Loan.

"I just checked the record of the law suit today and it shows that you and Lionel were both served on July 26. Remember that you only have thirty days from that date to file your answer.

Yours very truly,

SCOTT & SCOTT

CMS:gfb          Charles M. Scott"

We note that "Bud Johnson" has reference to the plaintiff in the law suit and that "Lionel" has reference to the co-defendant in the same law suit.

Mr. Charles M. Scott, attorney for appellant, testified as follows:

"My name is Charles M. Scott. I have been an Attorney for Mr. Johnson, the Respondent, through most of this proceeding. Some parts of the testimony in this case I do have knowledge of, and

I want to testify about them at this time. Mr. Dawson referred this case to me for collection against both Mr. Willingham and Mr. Robertson. Mr. Robertson claims that he had no knowledge of the lawsuit in the case until he was served with a notice of levy, I believe this is his testimony as well as what he put in the complaint and, of course, we have had numerous conversations with Mr. Willingham and Mr. Robertson concerning this note and concerning the suit after the suit was filed and before the suit was filed. According to the letter which I introduced into evidence Mr. Robertson made application to the Federal Land Bank for a loan. In the letter I told him that I couldn't close the loan for him at that time because of the case pending for Mr. Johnson against him and Willingham. I informed him that the records showed that he had already been served and he only had thirty days from that date to file an answer. That was on August 18, 1966. On August 22, 1966, Mr. Robertson and Mr. Willingham came to my office. That was four days after I wrote the letter. To my knowledge Mr. Willingham didn't know about the letter that I had written. I didn't send him a copy. On August 22, 1966, we discussed the lawsuit, and we discussed the Court costs. We discussed the fact that the lawsuit was against both of the parties. There was some discussion about a settlement of the account by payments of $150.00 a month. The lawsuit was discussed, and Mr. Robertson knew about it. He charged that the assets that secured the note was being wasted. He made no mention of that at any time. He told me at one time that he thought the business was going down, but he said nothing about it especially at the time some of the property was sold to Mr. Gray. It is my recollection that I sent Mr. Robertson a copy of the judgment. I didn't write a letter. I just sent a copy of the judgment. Mr. Robertson has testified about a Notice of Levy, which was offered in evidence. That was on March 15, or maybe a day or two before that. On March 17, they came into my office with Mr. Gray, and arranged a sale of part of the equipment, and they were going to have a week or five days to sell the ice machine. Then on March 29, I believe, he filed this case, or shortly after that. I have a memorandum which I made out on August 22, which I would like to offer in evidence. I made that out at the time Willingham and Robertson were in there."

We are impressed from the foregoing evidence that appellee was informed about the suit before the expiration time for filing an answer or defense thereto. Appellee had opportunity after such notice by Mr. Scott to appear and defend. It is to be noted that judgment was not taken until October 5, 1966. He sat quietly until, to wit, March 31, 1967, when he filed the instant suit on the equity side of the court.

We observed in Leath et al. v. Lister et al., 233 Ala. 595, 596–597, 173 So. 59, 60, as follows:

"The insistence that the bill is without equity is well taken. If it be considered as one to set aside a judgment in a court of law, there is no averment whatever acquitting complainant of negligence, or any excuse offered for a failure to apply within the 30-day period to the law court for relief. Our cases are to the effect that a want of diligence on the complainant's part is as fatal to relief in equity as the want of a valid substantial defense. 'The rules of equity are strict in requiring a party seeking relief from a judgment at law to acquit himself of fault or neglect in respect of defenses which might have been interposed to prevent the judgment.' 'A concurrence of injustice committed and freedom from fault and negligence, is an indispensable condition to the exercise of this jurisdiction.' Hendley v. Chabert et al., 189 Ala. 258, 65 So. 993, 995."

In the instant suit we think the aforequoted evidence shows a want of diligence on the part of appellee in prosecuting his defense to the pending suit of which he had notice, and that he was guilty of neglect in not so doing. Also, he had thirty days after the entry of judgment in which to make a motion on the law side to vacate and set aside the judgment. He sat quietly with knowledge of the pending suit against him and did not heed the warning in the letter which he received. Now he comes into equity seeking relief. He not only did not acquit himself of fault or neglect in respect to his defenses, but he failed to prove the allegations of his complaint that he had absolutely no knowledge of the suit.

On remand of this cause, the trial court will enter a final decree denying relief to complainant and dismissing the bill of complaint.

The final decree of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.