288 So.2d 137

**Jimmy N. PHILLIPS**

v.

**D. & J. ENTERPRISES, INC.,
a corporation.**

**SC 256.**

Supreme Court of Alabama.

Nov. 29, 1973.

Rehearing Denied Jan. 24, 1974.

Harvey Elrod, Decatur, for appellant.

T. J. Carnes, Albertville, for appellee.

MERRILL, Justice.

This appeal is from an order denying appellant-defendant's petition for a rehearing in an action at law under Tit. 7, § 279, Code 1940.

Plaintiff sued defendant for rent, and caused a writ of garnishment to issue to Aetna Insurance Company because the rented building had been destroyed by fire and the garnishee was supposed to be indebted to the defendant. The complaint and the writ of garnishment were filed on June 28, 1971.

On July 29, defendant filed a motion to quash service because the summons and complaint had been served, not on him, but on his wife. An amended complaint and the original complaint were properly served on defendant December 7, 1971. Some three days later, defendant delivered the properly served papers to the office of his attorneys.

On January 26, 1972, plaintiff took a judgment by default, and obtained a judgment for $13,300.00.

The petition for a rehearing under Tit. 7, § 279, was presented to the circuit judge on May 26, 1972. Section 279 provides:

"When a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for a rehearing at any time within four months from the rendition of the judgment."

The petition, evidence and arguments were heard on December 1, 1972 and the trial court, in a written opinion, denied the petition, citing Johnson v. Robertson, 284 Ala. 566, 226 So.2d 627.

Appellant concedes in brief that the cases cited to overturn the holding of the trial court are not Alabama cases. Our cases support the judgment of the trial court.

The main thrust of appellant's argument is that this court should not apply Tit. 7, § 279, but should apply Rule 60(b), ARCP. This rule incorporates most of § 279 but some part of the wording is different. We cannot agree.

The judgment on the petition for rehearing was entered on December 1, 1972. The appeal to this court was taken on January 2, 1973. The transcript of the record was filed in this court on April 26, 1973. Appellant's briefs were filed on June 12 and appellee's briefs were filed on June 26, 1973.

Rule 86, ARCP, makes the effective date of the Alabama Rules of Civil Procedure effective on July 3, 1973 (six months from their adoption by this court on January 3, 1973).

■ The ARCP were designed to govern the procedure in trial courts. They were not in existence when the trial court decided this case or when the Circuit Court of Marshall County lost jurisdiction of the cause because of the appeal to this court. It would be unjust to reverse a trial court because he did not apply a rule or procedure which was not even in existence when the case was decided. The law applicable at that time was Tit. 7, § 279, and the trial court applied it in conformity with the decisions of this court where that statute has been construed and applied.

■ This court has held that no statute has any force until it becomes the law of the land, and that is on the day fixed for it to go into effect. Lee v. City of Decatur, 233 Ala. 411, 172 So. 284. The same rule would apply to a rule of court procedure.

Affirmed.

HEFLIN, C. J., and COLEMAN, HARWOOD, MADDOX and FAULKNER, JJ., concur.