ROBERT P. BRADLEY, Retired Appellate Judge.
In March 1990 a petition was filed in the Juvenile Court of Jefferson County alleg *500 ing that R.W. was habitually truant from school and thus was a Child in Need of Supervision (CHINS). Following a hearing on this petition, the court entered a consent decree requiring R.W. to attend school regularly and assigning him to a probation officer.
The case was subsequently reviewed at three different intervals by the juvenile court, and on each occasion the court extended probationary status under the consent decree.
In November 1990 R.W.’s probation officer petitioned for revocation of the consent decree. The officer alleged that R.W. had failed to abide by the requirements of the consent decree. The trial court issued a pick-up order for R.W., who was subsequently brought into custody and assigned to the Jefferson County CHINS Cottage. After a hearing, R.W. was found to be a CHINS and was placed on probation. His case was reviewed and probation extended at two subsequent intervals.
The juvenile court reviewed R.W.'s case a third time on April 4, 1991. At that time, the court found R.W. to be a “multiple needs child, pursuant to Code of Alabama” and ordered the State Department of Human Resources and the State Department of Mental Health and Mental Retardation to formulate a plan of assistance for R.W. These agencies appeal from the juvenile court order.
The sole issue before us is whether the juvenile court could properly find R.W. to be a “multiple needs child” without valid statutory basis for doing so.
Section 12-15-71, Code 1975, establishes the process by which a child may be found to be dependent and provides a framework for disposition of dependent, delinquent children or children generally in need of supervision. The original statute did not establish provisions for “multiple needs children,” nor did it authorize the courts to order state assistance for such children. These provisions were added by amendment in 1990; however, the statute clearly states that the provisions concerning multiple needs children “shall become effective October 1, 1992, provided appropriations are made by the legislature for the provision of such services.”
No statute has any force until it becomes the law of the land and that is on the day fixed for it to go into effect. Phillips v. D. & J. Enterprises, 292 Ala. 31, 288 So.2d 137 (Ala.1973). The legislature has authority to defer operation of a statute until a future date, Water Works and Sanitary Sewer Board v. Sullivan, 260 Ala. 214, 69 So.2d 709 (1954), and may make the statute contingent upon further legislative action. Norton v. Lusk, 248 Ala. 110, 26 So.2d 849 (1946).
Under the plain language of § 12-15-71, the provisions concerning “multiple needs children” are ineffective until 1992 and are further dependent on the contingency of state funding. The juvenile court in this case was without authority to render decisions pursuant to these provisions, and its judgment is hereby reversed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.