THIGPEN, Judge.
This is a child support case.
*730 In the absence of a transcript of the proceedings below, the parties submitted eviden-tiary statements pursuant to Rule 10(d), A.R.App.P., that disclosed the following information: that Dorothy Dwain Kilpatrick (wife) and Bobby Gene Kilpatrick (husband) married sometime in 1970; that the parties separated in February 1974; that at the time of separation, the husband left the State of Alabama aware that he was leaving the wife with custody of one child and was further aware that she was pregnant with a second child; that subsequent to the separation of the parties, the wife gave birth to their second child in August 1974; that the wife filed her petition for divorce in the Circuit Court of Elmore County in December 1974, alleging the husband to be a non-resident of Alabama and that his whereabouts were unknown, and upon said allegations, the trial court ordered the husband to be served by publication; that the husband acknowledged that he was a resident of the State of Georgia from February 1974 until sometime in 1976; that service of process in connection with the original divorce complaint was perfected in accordance with the Alabama law in effect as of the date the husband was served; that following the service of process by publication, the wife was granted a default judgment of divorce in March 1976, which judgment provided that the husband was to pay to the wife $125 per month as child support; that the husband admits that he has paid no child support since 1974, and that he has made no effort to contact the wife concerning the support for the minor children, nor did he make any effort to send the wife any child support payments from the time of the separation until the trial of the present action, which petition was filed in February 1992, and tried in July 1992; and that the wife and family continued to reside in Elmore County during this entire time, and the husband knew her address.
In June 1980, the husband remarried. The wife contends that during the entire time the husband was absent from Alabama, she did not know his whereabouts or his address, nor had she taken any affirmative action from March 3, 1975, until 1992, to learn the husband’s whereabouts or to enforce the divorce judgment with regard to the payment of child support. The husband testified that he first learned of the child support order upon his being served with the wife’s motion which was filed in February 1992. That motion requested that the husband be held in contempt for his failure to abide by and honor the terms of the judgment of the trial court dated March 3, 1975, contending that the husband owed her $25,-500 for past due child support, together with interest. Thereafter, the husband filed a motion for relief from the judgment, contending that the divorce court lacked the in per-sonam jurisdiction necessary to enter a judgment of support against him, and that therefore, any judgment so entered was void.
Upon hearing the evidence, the trial court found that the husband had been properly served by publication in accordance with Alabama law in effect as of the date he was served; that the husband had never paid any child support payments to the wife; and that the husband left the State of Alabama prior to the filing of the divorce action, knowing that he was leaving one child with the wife and that the wife was pregnant with another child. The trial court further found that the husband had made no effort to contact the wife concerning support of the children, nor had he made any effort to send her any child support payments. In view of the fact of his remarriage in 1980, the trial court found that the husband knew or should have known that a divorce judgment had been rendered in this marriage. Finally, the trial court held that the divorce court had in personam jurisdiction over the husband at the time of entering its judgment, and it entered judgment in favor of the wife and against the husband in the sum of $26,125.
It is from this judgment that the husband appeals, contending that the judgment issued by the trial court is void and unenforceable since, he contends, the court entering the child support order did not possess in per-sonam jurisdiction over him at the time such was ordered, due to the fact that service by publication was ineffective. He further contends that the judgment in the case sub judice is violative of his fourth and fourteenth amendment rights as guaranteed by the Constitution of the United States.
*731 The husband apparently contends that the judgment of divorce by default is void because the trial court did not have personal jurisdiction over him due to insufficient service of process. Specifically, he claims that he was improperly served through publication because no other method of service was attempted prior to publication, and that the wife’s affidavit failed to comply with present Rule 4.3(c), AR.Civ.P.
We note the well-known rule of review that where the trial court makes factual determinations based upon conflicting ore tenus evidence, its findings will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Hutchins v. Shepard, 370 So.2d 275 (Ala.1979).
The record reflects that the wife filed the divorce petition on December 2, 1974, alleging that the husband was a non-resident of Alabama and that the place of his residence was unknown. The wife thereafter filed her properly sworn affidavit of non-residence which stated:
“Bobby Gene Kilpatrick Defendant in the above stated cause is a non-resident of the State of Alabama, and that his place of residence is unknown, and that it cannot be ascertained after reasonable effort, and further, that in the belief of said affiant the said Defendant is over twenty-one years of age.”
At the time the divorce action was filed, Rule 4(c)(2)(E)(i), read as follows, viz:
“(i) Plaintiff May Require Service by Publication against Nonr-Residents and Residents Absent SO days or in Concealment. If any defendant is shown to be a non-resident, or if his residence is unknown and cannot be ascertained after reasonable effort, or if, being a resident, he has been absent from the state more than thirty days since the filing of the complaint, or conceals himself, so that process cannot be served on him, the clerk must on request of the plaintiff, and on proof thereof by affidavit, make out and superintend the execution of the appropriate order of publication. Such affidavit must further state the belief of the affiant as to the age of the defendant, being over or under twenty-one years.” (Emphasis in original.)
It is undisputed that at the time of the separation, the husband moved to Georgia, and that during the entire seventeen-year period after the separation, the wife did not know his whereabouts. Moreover, the trial court expressly found that service of process was perfected in accordance with then existing rules for service of process. Rule 4(c)(2)(E)(i), A.R.Civ.P. The husband attempts to invoke the present Rule 4.3(c), which was not adopted until January 1977. It is axiomatic that no statute or rule of court procedure has any force until it becomes the law of the land, and that is on its effective date. Phillips v. D. & J. Enterprises, Inc., 292 Ala. 31, 288 So.2d 137 (1973). Moreover, as stated in Brooks v. Brooks, 494 So.2d 645, 647 (Ala.Civ.App.1986),
“Sections (b) and (c) of Rule 4.3, however, do not appear to apply to cases where the residence of the defendant is unknown, and the [husband’s] reliance upon the requirements of these sections is misplaced. It is quite reasonable to require service first by a method other than publication where a defendant’s residence is known or where the defendant is alleged to be avoiding service. It is not reasonable or logical to require such service where the defendant’s residence is unknown and this fact is certified to the clerk. To construe Rule 4.3 otherwise would be to require the clerk to send a process server or to mail the process to an address where the clerk knows the defendant is not located. Such a result is not only useless, but is contrary to the intended effect and construction of the Rules of Civil Procedure. See Rule 1(b) and (c), A.R.Civ.P.” (Emphasis in original.)
The uneontroverted evidence in this case reflects that the husband left the wife in 1974, and that the wife did not know his whereabouts until the filing of this petition some seventeen years thereafter. There was no evidence to indicate that the husband’s location could have been ascertained enabling service by a method other than publication. In fact, the record discloses that the husband remarried in 1980, which fact gives rise to the reasonable inference that the husband *732 knew of the divorce judgment, contrary to his allegation. Obviously, the husband assumed the position that the divorce judgment was valid in 1980 when he remarried. As such, he is now estopped from assuming a position inconsistent with that position to the prejudice of the wife. The law is well settled in Alabama that a party who has, with knowledge of facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent with the first one to the prejudice of an adverse party. McGlaughn v. McGlaughn, 611 So.2d 382 (Ala.Civ.App.1992); Russell, v. Russell, 404 So.2d 662 (Ala.1981).
For the foregoing reasons, we hold that the judgment divorcing the parties is a valid judgment; accordingly, the judgment of the trial court in this cause is due to be, and it is hereby, affirmed.
The wife’s request for attorney fees in this appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.