THIGPEN, Judge.
These are consolidated appeals from a juvenile court order finding D.H., a child, to be a “Multiple Needs Child” and ordering joint custody of the child to the Department of Human Resources (DHR) and the Alabama Department of Mental Health and Mental Retardation (DMHR).
*782 The record reveals that in October 1992, a petition was filed, alleging that the child was cohabitating with a 21-year-old male; that she was truant from school; that she had stolen certain items from a local store; and that there was no parent, guardian, or suitable person able and willing to provide proper supervision of the child. The petition did not allege the child to be dependent, delinquent, or in need of supervision. An immediate “pick-up order” was issued, and the child was ordered detained in the Tuscaloosa Regional Detention Facility until she could be transferred to the DMHR’s adolescent unit for evaluation and treatment. Following its evaluation, DMHR advised the juvenile court that it determined that the child was not mentally ill, and that most of her problems were related to her “chaotic home environment with very little parental supervision.” DMHR thereafter filed a motion to remove the child from its custody. In December 1992, the juvenile court found the child to be a “multiple needs child,” and it ordered custody of the child placed jointly with DHR and DMHR. It is from this order that both DHR and DMHR appeal.
The issue before this court is whether the juvenile court has the authority to find the child to be a “multiple needs child” in accordance with Ala.Code 1975, § 12-15-71, in the absence of an appropriation of funds from the legislature, and whether, as such, the juvenile court could thus award joint custody of the child to the two agencies.
The issue of whether the juvenile court had authority to rule that a juvenile was a multiple needs child in accordance with Ala. Code 1975, § 12-15-71, was addressed in Matter of R.W., 588 So.2d 499 (Ala.Civ.App.1991). While R.W. involved a decision of a juvenile court prior to the stated effective date of the statute, nevertheless, this court also noted, viz: “Under the plain language of § 12-15-71, the provisions concerning ‘multiple needs children’ are ineffective until 1992 and are further dependent on the contingency of state funding.” R.W. at 500. (Emphasis added.) At the time that the trial court ruled in the instant case, the legislature had not provided funds for the provision of services to “multiple needs children.” Accordingly, the juvenile court in this case, like R.W., was without authority to render decisions pursuant to the provisions of Ala.Code 1975, § 12-15-71. R.W., supra.
In order to commit a juvenile to the custody of DMHR, there must be a petition filed pursuant to Ala.Code 1975, § 12-15-90(a), alleging that the child is mentally ill or retarded, and that as a consequence of such illness or retardation, the child poses a real and present threat of substantial harm to himself or others. In the absence of such a petition and ruling thereon, the Juvenile Court of Greene County was without statutory authority to place the custody of the child with DMHR. Additionally, we find no provisions allowing joint custody to be awarded to two state agencies.
In accordance with the foregoing, the judgment of the juvenile court is due to be, and it is hereby, reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.